## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

KAREEM HASSAN MILHOUSE,

              Plaintiff,

    v.

SUZANNE HEATH, et al.,

              Defendants.

CIVIL ACTION NO. 1:15-CV-01400

(RAMBO, J.)
(MEHALCHICK, M.J.)

### REPORT AND RECOMMENDATION

This matter comes before the Court upon the Plaintiff's motion for a preliminary injunction. (Doc. 24). For the reasons provided herein, it is recommended that this motion be denied.

### I.   BACKGROUND

On July 20, 2015, the Court received and filed a *Bivens*-style[1] complaint by *pro se* Plaintiff Kareem Hassan Milhouse. On September 22, 2015, an amended complaint was filed as a matter of course, asserting violations of Plaintiff's Eighth and Fourteenth Amendment rights against various officials and administrators employed at USP-Hazleton and USP-Lewisburg. Specifically, among other allegations, Plaintiff claimed that officials at USP-Lewisburg failed to protect him from cellmate assaults. In conjunction with his pleadings, Plaintiff filed two motions for a preliminary injunction on August 10, 2015, and August 25, 2015, seeking a single cell and institutional transfer because he had been allegedly assaulted on December 18, 2014, and again August 5, 2015, by two different assigned cellmates. (Doc. 6; Doc. 9). The Court entered a Report and Recommendation on November 4, 2015, denying Plaintiff's motions for

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

preliminary injunctive relief. (*See* Doc. 22). Additionally, in conducting its statutorily mandated screening review of the amended complaint, the Court dismissed Plaintiff's amended complaint with leave to file a second amended complaint within a specified timeframe, which Plaintiff subsequently complied with. This second amended complaint is currently awaiting additional screening by this Court.

On November 24, 2015, approximately two weeks after the Court entered its Report and Recommendation, Plaintiff filed a third motion for a preliminary injunction, which is currently pending before the Court. Plaintiff has filed two briefs in support of this motion as well as a number of supplemental exhibits. (Doc. 25; Doc. 31; Doc. 42; Doc. 43).

In his most recent request for preliminary injunctive relief, Plaintiff again requests placement in "protective custody" and an institutional transfer from USP-Lewisburg, where he is currently incarcerated, as he has "been assaulted three (3) times since December 18, 2014, due to his rep[u]tation of being a 'rat'" and a homosexual. (Doc. 25, at 1-2). Specifically, he alleges that, in addition to the assaults that took place on December 18, 2014, and August 5, 2015, he was assaulted again on November 17, 2015, by the cellmate he has had since August of 2015. He contends that the assault occurred as a result of inmates printing off and distributing a court order that purportedly disclosed that Plaintiff had cooperated with the government, which he believes "influenced Plaintiff's cellmate to assault him . . . ." (Doc. 25, at 1). In support of his motion, Plaintiff attaches several pages of notes which he alleges are from other inmates; one page from a court case that notes that Plaintiff met with an attorney in 2006 to discuss cooperating with the government; a number of administrative grievance requests and responses to those requests that pertain to the August 5, 2015 assault; and an incident report

documenting that Plaintiff and his cellmate were discovered fighting in their cell on November 17, 2015.[2]

Defendants have opposed the pending request for preliminary injunctive relief. (Doc. 32). In their brief in opposition, Defendants argue that aside from the November 17, 2015, fight with Plaintiff's cellmate, which they believe arose out of a "typical disagreement," rather than as a result of Plaintiff's reputation for being a "rat" or a "homosexual," Plaintiff has lived with the cellmate since August of 2015, without incident. Moreover, incident reports were issued to both inmates, and Plaintiff refused to participate in the disciplinary hearing process. Defendants further indicate that Plaintiff has been designated to the SMU at USP-Lewisburg due to his disciplinary problems and thus, "Milhouse is looking for a way to be transferred out of the SMU Program . . . because . . . [h]e dislikes his current designation." (Doc. 32, at 7). Accordingly, Defendants urge the Court to deny Plaintiff's motion because has failed to meet his burden of demonstrating the four elements necessary to prevail on a motion for a preliminary injunction.

## II.   DISCUSSION

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In

---

[2] The Court notes that it will not address Plaintiff's arguments relating to the alleged cellmate assaults that occurred on December 18, 2014, and August 5, 2015, because the arguments made by Plaintiff in support of his request for placement in protective custody and ultimate institutional transfer based on those alleged assaults were previously addressed and rejected by the undersigned in a Report and Recommendation dated November 24, 2015, which was adopted by the District Court on December 3, 2015. (Doc. 28).

determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit Court of Appeals consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003); *see also Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). It is the moving party who bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

"[A]n essential prerequisite to the grant of a preliminary injunction is a showing by the movant of irreparable injury *pendente lite* if the relief is not granted."[3] *United States v. Pennsylvania*, 533 F.2d 107, 110 (3d Cir. 1976). A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat . . . .'" *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted). "A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." *Fisher*

---

[3] *Pendente lite* is a Latin term meaning "while the action is pending" or "[d]uring the proceeding or litigation." *Black's Law Dictionary* 1154 (7th ed.1999).

*v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) (emphasis in original). Thus, the relevant inquiry is whether the party moving for injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued.

Moreover, "[t]he 'requisite feared injury or harm must be irreparable — not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the *only* way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) (emphasis added). "The key word in this consideration is *irreparable* .... The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (emphasis in original).

In reviewing the motion papers before the Court, it is clear that no immediate irreparable injury is alleged, as these materials fail to articulate a presently existing actual threat of irreparable injury, outlining nothing more than past instances of harm as well as a speculative *possibility* of future harm based upon a single fight with Plaintiff's current cellmate. Indeed, an evaluation of the parties' submissions reveals that Plaintiff's claim that he was assaulted by this cellmate as a direct result of being labelled a "rat" and "homosexual" is wholly unsupported by the record, which is largely due to Plaintiff's refusal to attend his own disciplinary hearing, which resulted in the DHO finding that Milhouse committed the prohibited act of fighting with another person, and his failure to communicate with officials regarding any recently developed

safety concerns. Moreover, Plaintiff has offered no specific allegations showing that there is a presently existing threat to his safety by this cellmate.   Thus, the Court cannot conclude that Plaintiff has met his burden of making a clear showing of irreparable injury based on a single altercation with Plaintiff's cellmate, of which there exists no evidence that the fight was initiated by the cellmate, let alone caused by Plaintiff's designation as a "snitch" or "homosexual," or that his cellmate has since made an articulable and immediate threat to his safety.   Furthermore, Plaintiff's continued reliance on the two alleged incidents of cellmate assault that occurred in December of 2014, and August of 2015, which formed the basis of his previously addressed motions for preliminary injunctive relief, to support his current request for a preliminary injunction is unavailing, as these isolated incidents have no apparent relationship to any imminent harm Plaintiff would likely face in the absence of an injunction. Accordingly, as Plaintiff has not demonstrated that there is a presently existing actual threat to his safety by this cellmate, the Court recommends denying Plaintiff's motion for a preliminary injunction. *Continental Grp.*, 614 F.2d at 359.

## III.   RECOMMENDATION

Based on the foregoing, it is recommended that the Plaintiff's motion for a preliminary injunction (Doc. 24), be **DENIED**.

BY THE COURT:

Dated: January 29, 2016

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KAREEM HASSAN MILHOUSE,

          Plaintiff,

     v.

SUZANNE HEATH, et al.,

          Defendants.

CIVIL ACTION NO. 1:15-CV-01400

(RAMBO, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 29, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: January 29, 2016

                                  *s/ Karoline Mehalchick*

                                  **KAROLINE MEHALCHICK**
                                  **United States Magistrate Judge**