IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREEM HASSAN MILHOUSE,** | : |
| **Plaintiff** | : Civ. No. 1:15-cv-1400 |
| | : |
| v. | : |
| | : **Magistrate Judge Mehalchick** |
| **SUZANNE HEATH, et al.,** | : |
| | : **Judge Rambo** |
| **Defendants** | : |

# M E M O R A N D U M

Before the court is a report and recommendation filed by Magistrate Judge Mehalchick in which she recommends that Milhouse's motion for a preliminary injunction be denied. Milhouse has filed objections to the report and recommendation. Defendants have not responded.

For the reasons set forth below, the report and recommendation will be adopted.

## I.     The Report and Recommendation

On July 20, 2015, Milhouse filed a combination Bivens civil rights complaint and a Federal Tort Claims Action ("FTCA"). (Doc. 1.) On November 24, 2015, he filed the instant motion for a preliminary injunction. (Doc. 24.)[1]

Milhouse seeks "protective custody" and a transfer from USP Lewisburg. He claims that other inmates assault him because he is deemed to be a "rat" and a "homosexual." (Doc. 48.)

---

[1] Milhouse previously filed two other motions for preliminary injunctions (Docs. 6 & 9), which were both denied (Doc. 28).

The instant motion was apparently investigated after a fight with his cellmate on November 17, 2015. A disciplinary hearing was held concerning this incident in which both cellmates were found guilty of fighting. Milhouse alleges that, as a result of that incident, he is in danger of possible future assaults and needs a transfer.

In her report and recommendation, the magistrate judge set forth the elements that are required for the issuance of a preliminary injunction, *i.e.,* (1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest. The magistrate judge recommended dismissal of the motion on Milhouse's failure to meet the "irreparable harm" factor.

The magistrate judge noted that Milhouse has not demonstrated that there is a presently existing actual threat to his safety. Irreparable harm must be actual and imminent, not merely speculative. (Doc. 48, p. 4.)

In his objection to the report and recommendation, Milhouse claims that he is not relying only on the incident of November 17, 2015, but also on incidents that occurred on December 18, 2014 and August 5, 2015. However, the magistrate judge refused to consider these incidents as she previously addressed them in prior orders. (Doc. 48, p. 3 n.2.)

Milhouse also indicates that the video footage taken of the conflict that occurred on November 17, 2015 is in conflict with the DHO finding (Doc. 50 ¶ 1) and would show that he was assaulted.  A review of the DHO officer report (Doc. 32-1, attachment A to Declaration of D. Knapp) shows that "there was no video footage available for review capable of proving with any degree of certainty what actually transpired inside cell-121 during the incident."

Milhouse did not attend the disciplinary hearing where he could have provided his version of the fight and could have presented his concerns about his safety.

The report and recommendation will be adopted.

**II.**     **Additional Documents Filed Since the Filing of the Report and Recommendation**

On February 8, 2016, a motion to compel with a supporting brief was filed.  (Docs. 51 & 52.)  The motion seeks a court order compelling USP Lewisburg to issue Milhouse more writing paper, envelopes, and access to the law library.  On February 12, 2016, Milhouse filed another motion and supporting brief (Docs. 57 & 58) seeking the same relief.  It appears that the twelve sheets of paper and five envelopes he receives each week are inadequate to meet his litigation purposes.

On February 11, 2016, Milhouse filed a motion and supporting brief requesting this court to order USP Lewisburg to give him access to the law library.

(Docs. 54 & 55.)  He claims that he has not had access to the library since November 8, 2015.

A review of the court documents show that in the year 2015, Milhouse has been a petitioner in two cases and a plaintiff in six cases.  Milhouse must choose what issues he can present that have plausible merit.  This court will not compel USP Lewisburg to incur costs to provide more paper to a litigious inmate as compared to other inmates.

Milhouse's restriction on the use of the law library is undoubtedly due to his confinement in the SMU.  However, the institution should not be preventing him total access to the library.  The motions to compel will be denied without prejudice to renew the access to the law library issue.

On November 11, 2016, Milhouse filed a motion for appointment of counsel. (Doc. 56.)  Milhouse, as noted above, appears to be capable of litigating without the aid of counsel.  That motion will be denied.

On November 11, 2016, Milhouse also filed a motion to add exhibit 2000 A.  (Doc. 53.)  No brief in support thereof has been filed as required by Middle District Local Rule 7.5.  This motion will be denied.

On February 22, 2016, Milhouse filed a motion with supporting brief to add exhibits 2000 and 1000 A in support of his motion for a preliminary injunction.  (Docs. 59 & 60.)  These exhibits are documents apparently pertinent to

an incident which occurred on February 15, 2016.  Milhouse does not explain how these exhibits are pertinent to his motion for a preliminary injunction.  This motion will be denied.

On February 25, 2016, Milhouse filed a motion of inquiry and brief in support.  (Docs. 61 & 62.)  This motion will be denied as it alleges facts that are not pertinent to the pending action.

An appropriate order will issue.

                                                  s/Sylvia H. Rambo  
                                                  United States District Judge

Dated: March 3, 2016