## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

KAREEM HASSAN MILHOUSE,

          Plaintiff,

      v.

SUZANNE HEATH, et al.,

          Defendants.

CIVIL ACTION NO. 1:15-CV-01400

(RAMBO, J.)
(MEHALCHICK, M.J.)

## <u>MEMORANDUM</u>

The above-captioned civil rights action was initiated upon the Court's receipt and filing of a complaint in this matter by *pro se* Plaintiff Kareem Hassan Milhouse on July 20, 2015. (Doc. 1). A second amended complaint was filed on November 24, 2015 in accordance with the Court's Memorandum and Order dated November 4, 2015, screening Milhouse's amended complaint filed as a matter of course and recommending dismissal of certain claims and Defendants with leave to amend. (Doc. 15-1).  In his second amended complaint, Milhouse asserts a violation of the Eighth Amendment to the United States Constitution against Special Investigative Agents Suzanne Heath and James Fosnot, Case Manager Ryan Smith, and Supervisory Legal Advisor L. Cunningham—officials and administrators employed at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), where Milhouse is currently incarcerated. To date, this second amended complaint is currently undergoing screening review.

Presently before the Court are a number of filings submitted by Milhouse, some of which may potentially affect the Court's disposition of Milhouse's second amended complaint. Specifically, Milhouse has filed a motion to supplement his second amended complaint, a motion for leave to file a third amended complaint together with a proposed third amended

complaint, a motion to supplement his proposed third amended complaint, and a motion to voluntarily dismiss a party Defendant (Doc. 75). Additionally, Milhouse has filed a motion to seal the case (Doc. 82), and a motion to appoint counsel (Doc. 84). The Court addresses each motion in turn.

## I.   MOTIONS TO AMEND & SUPPLEMENT

Motions to amend and to supplement a complaint are both governed under Federal Rule of Civil Procedure 15. Rule 15 provides for three ways by which a plaintiff may potentially amend a complaint: (1) once as a matter of course; (2) with the opposing party's written consent; and (3) by leave of court. Fed. R. Civ. P. 15. Milhouse has previously filed an amended complaint as a matter of right immediately after initiating this action but prior to the Court conducting its statutorily mandated screening review of his originally filed complaint. Accordingly, Milhouse seeks leave of court to amend his complaint for a third time pursuant to Rule 15(a)(2), and to supplement his pleadings pursuant to Rule 15(d).

Decisions regarding motions to amend and supplement pleadings are committed to the court's broad discretion, and will not be disturbed absent an abuse of that discretion. *See Owens–Illinois, Inc. v. Lake Shore Land Co.,* 610 F.2d 1185, 1188–89 (3d Cir.1979); *see also Burns v. Exxon Corp.,* 158 F.3d 336, 344 (5th Cir.1998) (holding that district court did not abuse its discretion in denying leave to file supplemental complaint). That discretion is guided by an animating principle embodied by Rule 15: that leave should be freely given when justice so requires. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded."). Consistent with the Rule's liberal approach, leave to file an amended or supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, repeated failures to correct deficiencies with previous

amendments, or futility, and, when presented with a supplemental pleading, "where the supplemental facts are connected to the original pleading." *Hassoun v. Cimmino,* 126 F.2d 353, 361 (D.N.J. 2000) (citing *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir.1995)); *Victor v. Varano,* No. 3:11-CV-891, 2012 WL 2367095, at *5 (M.D. Pa. June 21, 2012) (citations omitted); *Riley v. Taylor,* 62 F.3d 86, 90 (3d Cir. 1995).

Rule 15(d) specifically addresses the submission of supplemental pleadings. It provides that, upon motion of a party, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Notably, "[b]ecause it refers to events that occurred after the . . . pleading was filed, a supplemental pleading differs from an amendment [under Rule 15(a)], which covers matters that occurred before the filing of the . . . pleading but were overlooked at the time." *Owens-Illinois, Inc.,* 610 F.2d at 1888. Indeed, "[t]he purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the . . .  pleadings are filed." *Green v. Nish,* No. 1:12-CV-0321, 2012 WL 5509785, at *3 (M.D. Pa. Oct. 10, 2012), *report and recommendation adopted,* No. 1:12-CV-321, 2012 WL 5508488 (M.D. Pa. Nov. 14, 2012) (quotation omitted).

Here, Milhouse has submitted two motions to supplement, respectively filed on December 19, 2015 (Doc. 33), and June 6, 2016 (Doc. 79), as well as a proposed third amended complaint, submitted on April 21, 2016. (Doc. 73).[1] The Court has reviewed Milhouse's motion

---

[1] Milhouse filed a proposed third amended complaint on April 21, 2016. (Doc. 73). The Court received the motion for leave to file that proposed third amended complaint on June 1, 2016. (Doc. 78).

papers, construing them liberally. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013).

As an initial matter, Milhouse's December 29, 2015 motion to supplement seeks to "supplement" the operative second amended complaint with additional factual allegations expounding on the incidents of inmate and cellmate abuse and Defendants' continued disregard of Plaintiff's high susceptibility to attack posed by double-celling him with violent inmates as initially raised in his complaint. The crux of Plaintiff's proposed supplemental complaint however, concerns acts that occurred **prior to** Milhouse filing his second amended complaint, the operative pleading in this action. *See* Moore's Federal Practice 3d § 15.30 ("Rule 15(d) applies only to events that have occurred since the date of the filing of the pleading."). Indeed, Milhouse merely rephrases and augments with additional details the factual allegations set forth in his seconded amended complaint in an effort to either clarify the claims made in his second amended complaint or assert claims he overlooked at the time of filing his second amended complaint. Furthermore, while Milhouse includes, as an ancillary matter, vague claims of excessive force and retaliation committed by a named Defendant subsequent to the filing of the second amended complaint, those allegations bear no relationship to the events forming the basis of Milhouse's failure-to-protect claim set forth in the amended complaint and further developed in the second amended complaint. *See Nottingham v. Peoria,* 709 F. Supp. 542, 544 (M.D. Pa. 1988) (finding that "a court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out of an entirely unrelated set of facts and related to a defendant not implicated in the original complaint"). Such supplementation would neither promote efficiency nor allow for a fuller and fairer examination of Milhouse's claims

- 4 -

against the named Defendants.  While the Court would typically be inclined to construe this motion to supplement as a motion for leave to file an amended complaint in accordance with Rule 15(a)(2), doing so would not be advantageous to Milhouse or an effective use of judicial resources given that, since the filing of this motion to supplement, Milhouse has filed a motion for leave to file a third amended complaint preceding the filing of a second motion to supplement.

With respect to Milhouse's June 6, 2016 motion to supplement and motion to file a third amended complaint,  it appears that Plaintiff seeks to modify and condense his proposed third amended complaint, which he is currently awaiting leave of Court to file. (Doc. 79). Indeed, Milhouse does not assert claims of actionable conduct occurring after the filing of his second amended complaint, as required by Rule 15(d), but rather notes in this motion to supplement his desire "to clean up [the] language and voluntarily dismiss[ ] several defendants," and to proceed with this litigation using the proposed supplemental pleading as his  "last standing" third amended complaint. (Doc. 79). Milhouse's expressed intention to consolidate his claims and proceed on one pleading that stands by itself suggests to this Court that Milhouse seeks to withdraw the pending proposed third amended complaint and proceed off of the supplemental filing as his proposed third amended complaint. However, as it now stands, any attempt to decipher Milhouse's claims would likely require the Court to look beyond the most recent pleading and to Milhouse's second amended complaint, proposed third amended complaint, and the materials appended to Milhouse's proposed third amended complaint.

Thus, in order to simply the record, and to avoid the confusion stemming from the numerous pleadings Milhouse has recently filed, it is submitted that the proper exercise of the Court's discretion at this juncture is to deny these various motions to file amended and

supplemental complaints (Doc. 33; Doc. 78; Doc. 79), and permit Milhouse to file one, all-inclusive third amended complaint in accordance the Court's November 4, 2015 Memorandum and Order. This approach is consistent with the guiding principle which informs the exercise of the Court's discretion in managing its docket, which is "to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.,* 377 U.S. 218, 227 (1964).

Accordingly, Milhouse will be directed, within thirty (30) days of the date of this Order, to file a third amended complaint that is complete in all respects. Milhouse is instructed that this amended pleading must "be a new pleading which stands by itself as an adequate complaint without reference to [any pleadings] already filed." *Young v. Keohane,* 809 F. Supp. 1185, 1198 (M.D. Pa.1992). *See e.g., Biggins v. Danberg,* No. 10–732, 2012 WL 37132 (D. Del. Jan. 6, 2012); *Quirindongo v. Fed. Bureau of Prisons,* No. 10–1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011). Milhouse's third amended complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation; contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); set forth averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1); and state such averments in separately numbered paragraphs describing the date and time of the events alleged and identifying wherever possible the participants in the acts about which he complains. This third amended complaint must resolve the shortcomings identified by the Court in its November 4, 2015 Memorandum and Order and include the sufficiently pled Eighth Amendment failure-to-protect claim against Special Investigative Agents Suzanne V. Heath and James Fosnot, and Case Manager Ryan Smith. Consequently, all previously asserted causes of action omitted from the forthcoming amended complaint will be waived.

## II.   MOTION TO VOLUNTARILY DISMISS DEFENDANT RYAN SMITH

Additionally pending before this Court is a motion to voluntarily dismiss Defendant Ryan Smith from the above-captioned action. (Doc. 75). [2] This motion was filed on May 9, 2016. (Doc. 75). In this motion, Milhouse reveals that he mistakenly filed virtually identical claims against Defendant Ryan Smith in another action pending before this Court and thus, wishes to dismiss this Defendant from this action in order to continue pursuing the claims against him in the other action. (Doc. 75).

Voluntary dismissal of the entire action is governed by Rule 41(a)(1). Rule 41(a)(1) "allows a plaintiff who complies with its terms to dismiss an action voluntarily and without court intervention." *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1065 (3d. Cir. 1987). Specifically, Rule 41(a)(1) provides, in relevant part:

> [T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . . Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state- court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

 Fed. R. Civ. P. 41(a)(1).

 Conversely, "[i]t is clear that in the Third Circuit when, as here, a plaintiff wishes to dismiss his entire claim against one of several defendants, Rule 41(a)(2) properly applies." *Plasterer v. Hahn*, 103 F.R.D. 184, 185 (M.D. Pa. 1984) (citing *Young v. Wilky Carrier Corp.*, 150 F.2d 764 (3d Cir. 1945)). Rule 41(a)(2) provides, in relevant part, that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms

---

[2] Curiously, Milhouse now attempts to dismiss from this action a Defendant that he initially offered sufficient factual allegations to support a failure-to-protect claim against in his amended complaint.

that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed.R.Civ.P. 41(a)(2).

Here, while the Court would typically be inclined to recommend dismissal of this Defendant without prejudice pursuant to Rule 41(a)(2), a more conservative approach is warranted at this juncture in the proceedings. Specifically, it has come to the Court's attention that Milhouse has advanced duplicative claims in virtually identical terms against this Defendant in *Milhouse v. Samuals*, Civil No. 1:15-cv-1644, but that *Milhouse v. Samuals*, Civil No. 1:15-cv-1644 has been recommended for dismissal as of April 29, 2016 pursuant to the "first-filed" rule. Thus, it appears that, through this motion, Milhouse attempts to avoid dismissal of *Milhouse v. Samuals*, Civil No. 1:15-cv-1644, by moving for voluntary dismissal of his claims against Defendant Ryan Smith in this action, a strategic decision that may prove unsuccessful. More importantly, the Court observes that Milhouse's June 6, 2016 motion to supplement his pleadings includes claims asserted against Defendant Ryan Smith, signifying to this Court that Milhouse has reconsidered voluntary dismissal of Defendant Ryan Smith from the above-captioned action. Accordingly, the Court will deny Milhouse's motion to voluntarily withdraw Defendant Ryan Smith from this action (Doc. 75), and await the submission of Milhouse's third amended complaint. Should Milhouse choose to forgo his claims against Defendant Ryan Smith, he may do so through the filing of a third amended complaint that omits any reference to Defendant Ryan Smith. Conversely, should Milhouse decide to continue litigating his claims against Defendant Ryan Smith, he may do so by asserting such claims in his forthcoming third amended complaint.

### III.   MOTION TO SEAL

Milhouse has filed a motion to seal on June 6, 2016, in which he urges the Court to seal the entire docket to prevent public access and inspection of his filings through PACER because he fears that "once Lewisburg defendants receive copies of the present supplemental complaint, Plaintiff's danger will be enhanced" should certain inculpatory statements contained within his pleadings be disseminated throughout the prison population, placing him at risk of assault. (Doc. 82). [3] It is well established that there is a common law presumption of public access to judicial records. *See In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001); *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). In order to overcome this presumption of a public right of access, "[t]he party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller*, 16 F.3d at 551 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "A party who seeks to seal an *entire* record faces an even heavier burden." *Miller*, 16 F.3d at 551. "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Cendant*, 260 F.3d at 194.

While Milhouse has furnished the Court with representations of a perceived threat derived from the allegations contained within his pleadings sufficient to justify sealing certain filings, the articulated prospect of such harm, alone, does not warrant the preemptive sealing of the entire case record and all future filings. Indeed, Milhouse fails to articulate why a less

---

[3] The Court notes that it has provided only such detail as is necessary to describe Milhouse's potential claims, as it appreciates the institutional safety concerns that may be potentially implicated by nature of Milhouse's allegations contained within his pleadings.

restrictive alternative to wholesale sealing is unavailable to him that would adequately protect his interests, thereby necessitating sealing the entire case from public inspection under a blanket order. It appears to this Court that the appropriate course of action is to require Milhouse to narrowly tailor his motion to seal by identifying specific documents containing the confidential information that, if disclosed, would result in a clearly defined and serious injury. Accordingly, Milhouse's motion to seal the entire record of this case (Doc. 82), will be denied without prejudice to the filing of a renewed motion to seal that identifies the particular documents Milhouse seeks to prevent the public from accessing.

## IV.   MOTION TO APPOINT COUNSEL

As a final matter, Milhouse has filed a motion to appoint counsel. (Doc. 84). In this motion, Milhouse argues that appointment of counsel is warranted due to the restrictions placed on his access to legal materials and prison officials' interference with his outgoing mail.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see also *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under § 1915(e)(1), the "court may request an attorney to represent any person unable to employ counsel. The district court's appointment of counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58.

The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably

meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination

to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer

counsel is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery*, 294

F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the
> particular legal issues; (3) the degree to which factual investigation will be
> necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's
> capacity to retain counsel on his or her own behalf; (5) the extent to which the
> case is likely to turn on credibility determinations; and (6) whether the case will
> require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

Additionally, another practical consideration must be taken into account when considering a

motion for appointment of counsel.  As the Third Circuit has observed:

> … we must take note of the significant practical restraints on the district courts'
> ability to appoint counsel: the ever-growing number of prisoner civil rights
> actions filed each year in the federal courts; the lack of funding to pay appointed
> counsel; and the limited supply of competent lawyers who are willing to
> undertake such representation without compensation. We have no doubt that
> there are many cases in which district courts seek to appoint counsel but there is
> simply none willing to accept appointment. It is difficult to fault a district court
> that denies a request for appointment under such circumstances.

*Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

As a threshold matter, the Court notes that Milhouse has asserted a failure-to-protect

claim that survived the Court's initial screening review. Nevertheless, the Court finds the

appointment of counsel to represent Milhouse in this matter to be unnecessary. Despite his

incarceration, Milhouse has demonstrated an ability to adequately present his own case as

evidenced by his pleadings and motion papers submitted thus far. Further, investigation of the

facts does not seem beyond Milhouse's capabilities. The legal issues presented in this case are

not complex, and will not require expert testimony. The Court's duty to construe *pro se*

pleadings liberally, coupled with the Milhouse's apparent ability to litigate this action, weigh against the appointment of counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972). Thus, Milhouse's motion for appointment of counsel will be denied. If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of Plaintiff.

An appropriate Order follows.

Dated: June 15, 2016                          *s/ Karoline Mehalchick*
                                              **KAROLINE MEHALCHICK**
                                              **United States Magistrate Judge**