# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREEM HASSAN MILHOUSE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUZANNE HEATH, et al.,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 1:15-CV-01400<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

Pending before the Court is "Plaintiff's motion pursuant to Federal Rule[ ] [of] Civil Procedure Rule 60(b)(6) or in the alternative for preliminary injunction," filed by Kareem Hassan Milhouse on September 26, 2016. (Doc. 100). Plaintiff has filed a brief in support of this motion in which he challenges his assignment to the Special Management Unit ("SMU"), the living conditions in his unit, and requests the Court order his transfer to either another unit or a medical center. (Doc. 101).

I. **RULE 60**

As an initial matter, Rule 60(b)(6) is a catchall provision that authorizes a court to relieve a party from "a final judgment, order, or proceeding" for any reason that justifies relief.[1] The purpose of the rule is to allow a court to vacate a judgment in "extraordinary circumstances" where it would be "'appropriate to accomplish justice.'" *Liljeberg v. Health Servs.*

---

[1] The Court informed Plaintiff of this in its January 29, 2016, Order denying an earlier Rule 60(b)(6) motion where Plaintiff requested the Court demand discovery responses from Defendants. At the time, Defendants had not been served a copy of a complaint. The Court informed Plaintiff that Rule 60 only applies to final judgments, orders, or proceedings; denying his requested relief as premature.

*Acquisition Corp.,* 486 U.S. 847, 864 (1988) (quoting *Klapprott v. United States,* 335 U.S. 601, 614–15 (1949)). Given that Rule 60(b) sets forth a mechanism through which a court can relieve a party from a judgment, it naturally follows that reliance on this rule when no judgment or order has been entered is improper. That is the case here. Plaintiff does not seek relief from the Court's entry of a judgment or order. Rather, Plaintiff requests the Court mandate his transfer to a unit, cell, and location of his choosing. Specifically, he requests transfer to a cell "alone" in "x-unit," "a general population unit," or "a Bureau Medical Center." Rule 60 does not apply to these requests, as Plaintiff does not request overturning an existing judgment or order. Accordingly, it is recommended that Plaintiff's motion for Rule 60(b) relief be denied.

## II. PRELIMINARY INJUNCTION

On three prior occasions, Plaintiff has moved for injunctive relief from the Court. Each time, Plaintiff requested transfer from his current accommodations and into a cell by himself, citing his fear of harm due to his being labeled a "rat/rapist/homosexual." (Doc. 6; Doc. 9; Doc. 24). For all three motions, the Court recommended the District Court deny Plaintiff his requested relief, finding Plaintiff had not met the requirements for injunctive relief. (Doc. 22; Doc. 48). The Court recommended dismissal of Plaintiff's first and second motions for a preliminary injunction due to Plaintiff's failure to allege an immediate, irreparable injury. (Doc. 22, at 3). The Court found Plaintiff's allegations were "nothing more than a speculative *possibility* of future harm." (Doc. 22, at 3) (emphasis in original). The Court recommended dismissal of the third motion for a preliminary injunction for the same reason. (Doc. 48, at 5). In its review of Plaintiff's third motion for a preliminary injunction, the Court considered the multiple assaults suffered by the Plaintiff, but found that the assaults did not give rise to a showing of an actual threat of irreparable injury. (Doc. 48, at 5). Instead, the Court found that

the assault by his current cellmate bore no relation to his "designation as a 'snitch' or 'homosexual,'" nor supported a finding that an "articulable and immediate threat to his safety" existed. (Doc. 48, at 6). The District Court adopted both of this Court's recommendations. (Doc. 28; Doc. 65).

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. See *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In determining whether to grant a motion seeking preliminary injunctive relief, courts within the Third Circuit consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003); *see also Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). It is the moving party who bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

"[A]n essential prerequisite to the grant of a preliminary injunction is a showing by the movant of irreparable injury *pendente lite* if the relief is not granted."[2] *United States v.*

---

[2] *Pendente lite* is a Latin term meaning "while the action is pending" or "[d]uring the proceeding or litigation." *Black's Law Dictionary* 1154 (7th ed.1999).

*Pennsylvania*, 533 F.2d 107, 110 (3d Cir. 1976). A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat . . . .'" *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted). "A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) (emphasis in original). Thus, the relevant inquiry is whether the party moving for injunctive relief is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued.

Moreover, "[t]he 'requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the *only* way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) (emphasis added). "The key word in this consideration is *irreparable* . . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (emphasis in original).

- 5 -

As with his prior motions for a preliminary injunction, Plaintiff fails to assert he is subject to an immediate, irreparable injury as required by *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). The only risks or harms Plaintiff alleges are that "each day causes a substantial risk of harm to [his] safety" and "at any moment [he] can be held accountable for [the] inmate" he currently resides with. (Doc. 100, at 3). Plaintiff's motion is devoid of reasoning or specific factual allegations supporting either contention. Instead, Plaintiff's motion primarily consists of complaints regarding the restrictions placed upon himself or SMU prisoners in general, none of which bear any relation to an injury he might suffer, let alone an imminent, irreparable injury. (Doc. 100, at 2). Even if factual support were included, "a substantial risk of harm" is insufficient to grant a preliminary injunction, as the movant must show irreparable harm that in noncompensable. *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977). Accordingly, as Plaintiff has not demonstrated that there is a presently existing actual threat to his safety based on the facts provided, the Court recommends denying Plaintiff's motion for a preliminary injunction.

For the foregoing reasons, it is recommended that Plaintiff's motion (Doc. 100) is **DENIED**.

Dated: October 5, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREEM HASSAN MILHOUSE, | |
| Plaintiff, | CIVIL ACTION NO. 1:15-CV-01400 |
| v. | (RAMBO, J.) |
| SUZANNE HEATH, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 5, 2016**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: October 5, 2016**                                         *s/ Karoline Mehalchick*
                                                                  **KAROLINE MEHALCHICK**
                                                                  **United States Magistrate Judge**