## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREEM HASSAN MILHOUSE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SUZANNE HEATH, et al.,<br><br>　　　　　　Defendants. | CIVIL ACTION NO. 1:15-cv-01400<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

### **MEMORANDUM**

Now pending before the Court are four motions by *pro se* Plaintiff Kareem Hassan Milhouse. Milhouse filed two motions affecting the Defendants named in his complaint, a "motion to add, clarify, and identify John Does" (Doc. 93; Doc. 94) and a "motion for leave to file amended complaint." (Doc. 99). Milhouse also filed a motion to appoint counsel (Doc. 95) and a motion to seal certain documents contained in the record. (Doc. 103; Doc. 104). Because Milhouse "request[s] to amend his complaint as he has identified the John Doe officers that [were] in his [original] complaint," the Court considers Milhouse's "motion to add, clarify, and identify John Does" to be incorporated into his motion for leave to file an amended complaint. (Doc. 93). The motion to clarify is therefore considered moot. The Court now addresses the motion for leave to file an amended complaint, motion to appoint counsel, and motion to seal certain documents. For the reasons articulated in this memorandum, Milhouse's motion to amend is granted, and the motions to appoint counsel and seal are denied.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On July 20, 2015, Milhouse filed the present *Bivens*-style[1] complaint against 16 Defendants, including USP-Lewisburg prison officials, five John Doe Corrections Officers, Pennsylvania state senators, and the United States of America. (Doc. 1). Milhouse alleged prison administrators and officers were deliberately indifferent to imminent risks of harm to Milhouse's safety—due to his being labelled a "rat" by fellow inmates—and that these administrators and officers conspired to cause him harm in retaliation for filed against various officials. (Doc. 1). On September 22, 2015, Milhouse amended his initial complaint as a matter of right, increasing the total number of Defendants but focusing the scope to prison officials, employees, the Federal Bureau of Prisons, and the United States. (Doc. 15-Sealed). Milhouse subsequently filed two motions to supplement his amended complaint and a motion to file a second amended complaint. (Doc. 33; Doc. 79; Doc. 73). Both motions were denied, though the Court instructed that an amended complaint, independent of prior submissions, should be filed within 30 days. (Doc. 86). Milhouse filed his third amended complaint on July 19, 2016. (Doc. 90).

Prior to the Court performing the statutorily-required screening of his third amended complaint, Milhouse filed the instant motions to clarify and amend on August 26, 2016, and September 26, 2016, respectively. (Doc. 93; Doc. 99). He asserts that in some cases, he did not know the identity of John Doe officers, while others were not named out of fear of retaliation.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

(Doc. 94, at 1).  In total, Milhouse's third amended complaint seeks redress from 21 named Defendants; removing 3 formerly-named Defendants from his second amended complaint while adding 5 new Defendants.

## II. DISCUSSION

### A. MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. 99)

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend a complaint. Rule 15 provides for three ways by which a plaintiff may potentially amend a complaint: (1) as a matter of course; (2) with the opposing party's written consent; and (3) by leave of court. Fed. R. Civ. P. 15.  Here, Milhouse seeks leave of court to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2).

The Court has reviewed Milhouse's motion, construing it liberally.  *See generally Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2002) ("Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading.").  Under Rule 15(a)(2), "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'").  However, even under this liberal standard, a motion for leave to amend may be denied when justified.  "Permissible justifications [for denying leave to amend] include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995).

Although Milhouse intended the currently operative third amended complaint to constitute his "last" when requested, the Court finds leave to amend should be granted.  The guiding principle which informs the exercise of the Court's discretion in managing its docket is

"to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964). The Court finds Milhouse's proposed amendment would best serve the fair administration of justice. The proposed amendment merely alters the Defendants from whom redress is sought without advancing new or unrelated claims to the currently operative complaint. No Defendants have been served in this case, as the Court has been unable to perform the necessary screening due to Milhouse's repeated filings. However, because no parties have been served, permission to amend would not cause confusion or prejudice. Instead, granting leave to amend and adopting the submitted fourth amended complaint as the operative complaint would allow the Court to screen and serve a complete complaint, devoid of John Doe Defendants requiring discovery to identify.

Accordingly, the Court will **GRANT** Milhouse's motion for leave to file an amended complaint. (Doc. 99). As such, the accompanying proposed amended complaint is adopted as the operative complaint. (Doc. 99, at 4). Milhouse is advised that given the extensive filings to date, further amendments will not be tolerated. No Defendants have been served due to repeated amended complaints preventing a comprehensive screening, despite well over a year passing since the initial complaint. Cases cannot be permitted to proceed in perpetuity.

B. MOTION TO APPOINT COUNSEL (DOC. 95)

Plaintiff filed a motion to appoint counsel—his third—on August 26, 2016. (Doc. 95). For the following reasons, the court will **DENY** the motion. Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see also *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under

1915(e)(1), the "court may request an attorney to represent any person unable to employ counsel. The district court's appointment of counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58.

The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57). Additionally, another practical consideration must be taken into account when considering a motion for appointment of counsel. As the Third Circuit has observed:

> we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

*Tabron*, 6 F.3d at 157.

Milhouse filed motions to appoint counsel for this matter twice prior. (Doc. 56; Doc. 84). Both times, the Court found Milhouse capable to adequately present his own case without the aid of counsel. (Doc. 56, at 4; Doc. 84, at 11). The Court advised Milhouse that should further proceedings demonstrate the need for counsel, the decision to deny appointment of representation would be revisited. (Doc. 84, at 12). The Court does not find that circumstances have changed to warrant appointment of counsel. Milhouse asserts the rescission of his pain medication affects his daily routine, and forms the basis for his requested appointment. (Doc. 95, at 2). However, Milhouse points out that this change in circumstance occurred on April 22, 2016, prior to his filing of most of the motions discussed in this Memorandum. The Court, while acknowledging Milhouse's plight, does not find his ability to litigate prejudiced at this stage and declines to appoint counsel on his behalf.

Furthermore, this court's duty to construe pro se pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Milhouse's apparent ability to litigate this action, weigh against the appointment of counsel. Hence, the court will **DENY** Plaintiff's motion for appointment of counsel. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion by Milhouse.

C. MOTION TO SEAL (DOC. 103; DOC. 104)

Lastly, Milhouse petitions the Court, asking for specific Orders and accompanying Memorandums in the record to be sealed. (Doc. 104). In the alternative, Milhouse requests the names of inmates be redacted. (Doc. 104, at 1). Milhouse's motion is a direct response to the Court's September 6, 2016 Order denying a prior motion to seal. In that Order, the Court denied Milhouse's motion because Milhouse "failed to identify specific documents to be sealed," and failed "to articulate a clearly defined and serious injury." (Doc. 98, at 1-2).

Milhouse's present motion addresses the first issue identified by the Court, but again fails to "articulate a clearly defined and serious injury." See *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). In *Miller*, the Court of Appeals for the Third Circuit stated:

> The existence of a common law right of access to judicial records is beyond dispute. See *Littlejohn v. BIC Corp.,* 851 F.2d 673, 677–78 (3d Cir.1988); *United States v. Criden,* 648 F.2d 814, 819 (3d Cir.1981) (*Criden I* ). This Court has made it clear that our "strong presumption" of openness does not permit the routine closing of judicial records to the public. The party seeking to seal any part of a judicial record bears the heavy burden of showing that "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir.1984).

*Miller*, 16 F.3d at 551.

Milhouse's motion plainly fails to articulate a clearly defined and serious injury. The entirety of his motion is grounded on the fact that Milhouse "was confronted" due to the content of one of the documents, and that he "was accosted" about it on October 7, 2016. (Doc. 104, at 1). These vague assertions are totally inadequate to warrant sealing part of a judicial record. They do not articulate *any* actually suffered or future injury, let alone a "clearly defined and serious injury." For this reason, Milhouse's motion to seal (Doc. 103; Doc. 104) must be denied without prejudice to the filing of a renewed motion identifying a clearly defined and serious injury he will suffer if these records are not sealed.

An appropriate Order follows.

Dated: November 7, 2016                                         *s/ Karoline Mehalchick*
                                                                          **KAROLINE MEHALCHICK**
                                                                          **United States Magistrate Judge**