# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

KAREEM HASSAN MILHOUSE,

          Plaintiff,

    v.

SUZANNE HEATH, et al.,

          Defendants.

CIVIL ACTION NO. 1:15-CV-01400

(RAMBO, J.)
(MEHALCHICK, M.J.)

## MEMORANDUM

Before the Court are seven motions filed by *pro se* Plaintiff Kareem Hassan Milhouse. On July 20, 2015, Milhouse initiated the present *Bivens* action against several prison administrators and corrections officers as a result of injuries he sustained at the hands of cellmates after requesting reassignment.  (Doc. 1).  To date, only the Federal Bureau of Prisons has been served any documents, as they were ordered to respond to Milhouse's imminent danger exception request for *in forma pauperis* status.  (Doc. 8).  In his pending motions, Milhouse requests: a court inquiry into the misconduct of prison officials because of "ongoing and continuous" issues with staff (Doc. 111); to add various exhibits to his fourth amended complaint (Doc. 114; Doc. 116; Doc. 118); to dismiss Defendant "J. Ritz" (Doc. 122); to proceed as a John Doe (Doc. 124); and for a copy of the entire case file (Doc. 128).  For the reasons articulated below, Milhouse's motions to add exhibit KHM 100 BP (Doc. 114) and dismiss Defendant Ritz (Doc. 122) are granted; all other motions are denied.

I.   **MOTION TO POSE AN INQUIRY (DOC. 111; DOC. 112)**

On November 28, 2016, Milhouse requested the Court "pose a[n] inquiry" into prison officials ignoring informal resolution attempts, destroying and denying administrative remedy

forms, and rejections of requests by the "Region office" and "central office." (Doc. 112, at 1). Milhouse further complains of his cell assignment, stating it has cost him access to the law library and haircuts.  (Doc. 112, at 2).

Initially, it is unclear exactly what remedy Milhouse seeks.  It appears at first glance that he seeks a Court investigation into the facts alleged.  Namely, that the "institution" has rejected numerous "BP-9's on Counselor Marr for destroying and denying [Milhouse] administrative remedy forms." (Doc. 112, at 1).  However, this is not a power that District Courts possess. The Judicial Power exists to resolve cases and controversies, neither of which encompasses the facts as alleged by Milhouse.  *See* U.S. CONST. art. III, § 2, cl. 1.  The rejection of grievances or informal resolution attempts, without more developed factual assertions, plainly offers no basis for redress through Federal Courts.  In fact, Milhouse even states that the region and central offices rejected grievances because they were better addressed through the institution.  (Doc. 112, at 1).  Further, Milhouse facially seeks resolution on issues entirely independent from the current cause of action, which centers on the injuries he allegedly suffered at the hands of various cellmates following inaction by prison officials.  This Court is without power to adjudicate the issues raised in the motion, as they have no bearing on the case at hand.  To the extent Milhouse seeks to litigate these issues, they must be properly brought before a court, not offered in a standalone motion in an otherwise entirely unrelated case.

On January 11, 2016, Milhouse filed a similar motion for the Court to "post an inquiry into prison officials'' conduct.  (Doc. 35).  The Court informed Milhouse that his desire to set forth additional claims arising out of *new* conduct could be addressed through the filing of a motion for leave to file a supplemental complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  (Doc. 45).  As the actions alleged fall outside the scope of the current cause of

action, they are not justiciable absent leave of court.  Accordingly, Milhouse's motion for an inquiry (Doc. 111) is **DENIED**.

II.  **MOTIONS TO ADD EXHIBITS**

A.  MOTION TO ADD EXHIBIT KHM 100 BP TO COMPLAINT

On December 1, 2016, Milhouse moved to add the affidavit of inmate Anthony Burnett to the operative complaint.  (Doc. 114; Doc. 115).  As the motion sought to amend his operative complaint (Doc. 113), an amendment required leave of Court.  *See* FED. R. CIV. P. 15(a)(2).  Pursuant to this Rule, "[t]he Court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).  No party has been served with a version of any complaint in this case yet, save the Federal Bureau of Prisons in order to oppose Milhouse's *in forma pauperis* petition. Further, the amendment merely seeks to add an affidavit by a fellow inmate, not to alter parties or facts.  These factors weigh in favor of permitting amendment. Weighing against amendment is the fact that Milhouse's operative complaint already contains an affidavit by inmate Burnett, albeit less factually developed.  (Doc. 113, at 11).  Further, the Court explicitly ruled that further amendments would not be tolerated, as the repetitive filings and amendments to date have prevented the Court from performing its statutorily mandated duty to screen and serve the complaint.  (Doc. 106, at 4).

Despite the factors weighing against amendment, the Court will grant Milhouse's motion.  The guiding principle which informs the exercise of the Court's discretion in managing its docket is "to make pleadings a means to achieve an orderly and fair administration of justice."  *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964).  As such, the Court will permit inclusion of the exhibit in an effort to achieve an orderly and fair administration of justice.  Thus, Milhouse's motion (Doc. 114) is **GRANTED**.  However, the

Court reminds Milhouse that repeated amendments of his pleadings prevent screening of the complaint, thwarting progression of the case and adjudication on the merits.

     B.  Motion to Add Exhibit

On December 16, 2016, Milhouse filed a motion also titled "motion to add exhibit KHM 100 BP." (Doc. 118; Doc. 119). Attached to this motion are exhibits reflecting various dismissals of cases that Milhouse attributes to actions by Defendant Marr. (Doc. 119). However, subject matter of the motion is unrelated to the current action, as discussed above. Even if taken as true, Defendant Marr's failure to send or return legal documents is unrelated to the physical injuries Milhouse sustained despite warning prison officials of imminent danger at the hands of other inmates.

It is unclear specifically what Milhouse seeks to attach the exhibits to, as it is not specifically articulated in the motion or brief in support. Given that Milhouse's similarly titled motion sought to attach exhibits to the complaint, the Court construes the current motion as seeking the same. While the Court will permit the addition of the affidavit by inmate Burnett, the same deference cannot be granted to the current exhibits. By contrast to the affidavit, the exhibits are not related to claims laid out in the amended complaint. Their inclusion in the fourth amended complaint would not serve to promote an "orderly and fair administration of justice," as they would merely muddy the issues by bringing in evidence of unrelated claims. Accordingly, Milhouse's motion is **DENIED**.

     C.  Motion to Add Exhibit KHM 75 BP

On December 1, 2016, Milhouse also moved to add an exhibit to his motion for injunctive relief. (Doc. 116; Doc. 117). However, at the time of the motion, no injunctive relief was pending; the District Court having denied a preliminary injunction on November 16, 2016.

- 4 -

(Doc. 110).  Accordingly, the Court finds this motion moot.  Further, the exhibit offered is attached to Milhouse's motion for preliminary injunction filed December 16, 2016 (Doc. 120), rendering the motion to add exhibit superfluous upon an examination of the docket. Accordingly, the motion to add exhibit KHM 75 BP is denied.  (Doc. 116).

III.   **MOTION TO DISMISS DEFENDANT J. RITZ (DOC. 122; DOC. 123)**

On December 16, 2016, Milhouse moved to dismiss Defendant J. Ritz from the fourth amended complaint.  (Doc. 122).  In support, Milhouse avers that his identification of Ritz in lieu of a previously named "John Doe" was in error.  (Doc. 123).

Voluntary dismissal of the entire action is governed by Rule 41(a)(1). Rule 41(a)(1) "allows a plaintiff who complies with its terms to dismiss an action voluntarily and without court intervention." *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1065 (3d. Cir. 1987). Specifically, Rule 41(a)(1) provides, in relevant part:

> [T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . . Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state- court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

> FED. R. CIV. P. 41(a)(1).

Conversely, "[i]t is clear that in the Third Circuit when, as here, a plaintiff wishes to dismiss his entire claim against one of several defendants, Rule 41(a)(2) properly applies." *Plasterer v. Hahn*, 103 F.R.D. 184, 185 (M.D. Pa. 1984) (citing *Young v. Wilky Carrier Corp.*, 150 F.2d 764 (3d Cir. 1945)).  Rule 41(a)(2) provides, in relevant part, that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this

paragraph (2) is without prejudice." FED. R. CIV. P. 41(a)(2).  Without unnecessary discussion, the interests of justice and orderly administration thereof dictates that the proper parties be involved in the complaint.  *See Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964).  Where a plaintiff knows a defendant is named in error, said defendant should be permissively dismissed.  The Court finds dismissal of Ritz in the best interest of an orderly and fair administration of justice.  *See Griffin*, 377 U.S. at 227.  Thus, Milhouse's motion to dismiss Defendant Ritz (Doc. 122) is **GRANTED**.

## IV.  MOTION TO "PROCEED UNDER JOHN DOE" (DOC. 124; DOC. 125)

On December 16, 2016, Milhouse also filed a motion to proceed as a John Doe.  (Doc. 124; Doc. 125).  Milhouse requests that the Court amend the orders denying his motions to seal (Doc. 86; Doc. 98; Doc. 106) to remove his name, replacing it with "John Doe" in order to prevent easy identification and avoid attacks from fellow prisoners.  (Doc. 125).  Effectively, Milhouse seeks to seal these orders.

In the most recent motion to seal, Milhouse adequately identified documents to seal but the Court denied relief for his failure to "articulate a clearly defined and serious injury." (Doc. 106, at 6-7) (citing *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).  In *Miller*, the Court of Appeals for the Third Circuit stated:

> The existence of a common law right of access to judicial records is beyond dispute. *See Littlejohn v. BIC Corp.,* 851 F.2d 673, 677–78 (3d Cir.1988); *United States v. Criden,* 648 F.2d 814, 819 (3d Cir.1981) (*Criden I* ). This Court has made it clear that our "strong presumption" of openness does not permit the routine closing of judicial records to the public. The party seeking to seal any part of a judicial record bears the heavy burden of showing that "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir.1984).
>
> *Miller*, 16 F.3d at 551.

Again, Milhouse's motion plainly fails to articulate a clearly defined and serious injury.  The requested relief seeks to avoid vague attacks from unidentified prisoners on speculative grounds. (Doc. 125).  Having failed to meet the second requirement of *Miller*, the Court must **DENY** the requested relief, which is to seal portions of the record.

V.   **MOTION FOR COPIES OF THE ENTIRE CASE (DOC. 128; DOC. 129)**

Lastly, Milhouse moves for the Court to provide a copy of the entire case file.  (Doc. 128; Doc. 129).  Milhouse asserts that he is indigent and otherwise unable to replace documents allegedly destroyed by prison officials.  (Doc. 129).

The fee schedule of the United States District Court for the Middle District of Pennsylvania states that "Reproducing Any Record or Paper" costs fifty cents per page, and "Reproducing Any Record or Paper from ECF" costs ten cents per page.[1] As a general rule, indigent litigants bear their own litigation expenses. *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993). Although Plaintiff is proceeding in this case *in forma pauperis*, the district court has no authority under 28 U.S.C. § 1915, or any other statute, to order the government or court to pay for court documents for an indigent litigant. *Tabron*, 6 F.3d at 158. As the Third Circuit Court of Appeals has aptly noted:

> The *in forma pauperis* statute, 28 U.S.C. § 1915, permits the waiver of prepayment of fees and costs for *in forma pauperis* litigants, *see* 28 U.S.C. § 1915(a), and allows for payment by the United States of the expenses of "printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court," and of "preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such a transcript is required by the district court," 28 U.S.C. § 1915(b). There is no provision in the statute for the

---

[1] *See* Fee Schedule, http://www.pamd.uscourts.gov/?q=fee-schedule.

payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.

*Tabron*, 6 F.3d at 158-59.

As indigent litigants are not entitled to copies, free of charge, Plaintiff's motion (Doc. 128), is **DENIED**.

An appropriate Order follows.

**Dated: January 19, 2017**                          *s/ Karoline Mehalchick*
                                                      **KAROLINE MEHALCHICK**
                                                      **United States Magistrate Judge**