# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

KAREEM HASSAN MILHOUSE,

              Plaintiff,

      v.

SUZANNE HEATH, et al.,

              Defendants.

CIVIL ACTION NO. 1:15-CV-01400

(KANE, J.)
(MEHALCHICK, M.J.)

## MEMORANDUM

This case involves a *pro se* Plaintiff Kareem Hassan Milhouse ("Milhouse"), who has filed the above-captioned *Bivens*-style lawsuit, asserting violations of his First, Eighth, and Fourteenth Amendment rights by various officials and administrators employed at USP-Hazelton and USP-Lewisburg .[1] (Doc. 113; Doc. 337). Milhouse is a federal inmate currently incarcerated at USP Coleman-1 in Coleman, Florida. (Doc. 113; Doc. 337). Before the Court is Milhouse's motions to compel discovery (Doc. 388; Doc. 395; Doc. 397); motion to seal (Doc. 394); motion for production of documents (Doc. 396); motion under Rule 60(b(6) (Doc. 398); and motion to disqualify (Doc. 402). For the following reasons, the motions shall be DENIED.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

I.   **BACKGROUND AND PROCEDURAL HISTORY**

Milhouse initiated the instant *Bivens* action on July 20, 2015, alleging harm suffered at the hands of cellmates caused by the indifference of prison officials despite multiple warnings of pending injury. (Doc. 1). Currently operative is Milhouse's supplemental complaint, filed on July 19, 2021, against remaining Defendants Suzanne Heath, David Ebbert, Brent Taggart, Correctional Officers Good and Nadiya, Case Manager Ryan Smith, Counselor Robert Marr, and Special Investigative Supervisor Daniel Knapp (collectively, the "Defendants"). (Doc. 337). Milhouse's pleadings assert violations of his First, Eighth, and Fourteenth Amendment rights that allegedly took place during the period of time from December 31, 2014, through November 17, 2015 (the "Relevant Period"). (Doc. 113; Doc. 337).

On December 2, 2020, the Court stayed this action in an attempt to secure counsel for Milhouse. (Doc. 309). The stay was lifted on March 17, 2021, and Defendants were ordered to respond to Milhouse's various outstanding motions and requests for the production of documents and interrogatories. (Doc. 322). On April 14, 2021, the Court denied Milhouse's motions (Doc. 285; Doc. 297; Doc. 301; Doc. 303; Doc. 305; Doc. 311; Doc. 313; Doc. 316), with the exception of his motion to supplement the complaint (Doc. 297), which was granted. (Doc. 327). On July 19, 2021, Milhouse filed his supplement complaint. (Doc. 337). On November 23, 2021, Milhouse filed a motion for immediate injunction, and on November 29, 2021, Milhouse filed a renewed motion for summary judgment. (Doc. 342; Doc. 343). On December 22, 2021, Defendants requested an extension of the discovery, deposition, and dispositive motion deadlines, which the Court granted on January 3, 2022, allowing for

discovery and depositions to be completed by April 1, 2022, and dispositive motions and briefs to be due by May 1, 2022. (Doc. 344; Doc. 345).

Milhouse filed a motion to compel discovery on January 4, 2022, and the motion to disqualify on February 4, 2022. (Doc. 352; Doc. 356). On February 7, 2022, the undersigned issued a report and recommendation denying Milhouse's motion for immediate injunction, which is currently pending before the District Court. (Doc. 359). Subsequently, Milhouse filed a motion for "inquiry" on February 15, 2022, and a motion for default judgment on February 23, 2022. (Doc. 360; Doc. 366). On February 23, 2022, Milhouse filed the motion to defer PLRA payments. (Doc. 368). On March 3, 2022, Defendants filed a motion to take the deposition of Milhouse by remote means, which the Court granted on March 4, 2022. (Doc. 371; Doc. 373). On March 28, 2022, Milhouse filed a "motion of inquiry/reschedule deposition." (Doc. 376; Doc. 377). On April 13, 2022, the undersigned issued a report and recommendation denying Milhouse's motion for "inquiry" and motion for default judgment, which the Court adopted on June 1, 2022. (Doc. 379; Doc. 389). On April 13, 2022, the Court also denied Milhouse's motions, directed Defendants to respond to discovery received before April 1, 2022, as the discovery deadline had expired, and extended the dispositive motions deadline to June 1, 2022. (Doc. 380; Doc. 381). On April 26, 2022, Milhouse filed a motion to reinstate motion for summary judgment and Defendants filed a motion to seal. (Doc. 382; Doc. 384). On May 6, 2022, the Court struck Milhouse's motion for summary judgment as prematurely filed and granted Defendants' motion to seal. (Doc. 389).

On May 31, 2022, Milhouse filed a motion to compel discovery. (Doc. 388). On June 1, 2022, Defendants filed a motion to dismiss and/or motion for summary judgment.[2] (Doc. 390). On July 14, 2022, Milhouse filed a motion to seal and a motion to compel discovery. (Doc. 394; Doc. 395). On July 22, 2022, Milhouse filed a motion for production of documents, a motion to compel discovery, and a motion under Rule 60(b)(1). (Doc. 396; Doc. 397; Doc. 398). On July 27, 2022, Milhouse filed a motion to disqualify. (Doc. 402). On August 5, 2022, Defendants filed a brief in opposition to Milhouse's motions to compel discovery and motion to disqualify. (Doc. 405). On August 8, 2022, Milhouse filed a motion for summary judgment.[3] (Doc. 406). On September 15, 2022, Milhouse filed a second motion for summary judgment, as well as a brief in support and a statement of facts.[4] (Doc. 415; Doc. 416; Doc. 417). The instant motions are fully briefed and ripe for disposition. (Doc. 388; Doc. 394; Doc. 395; Doc. 396; Doc. 397; Doc. 398; Doc. 399; Doc. 402; Doc. 405).

---

[2] The undersigned will address this motion in a separate report and recommendation.

[3] Milhouse's motion for summary judgment does not comply with Middle District Local Rule 56.1 because he failed to file a brief in support and a statement of material facts. Local Rule 56.1, in pertinent part, requires a party moving for summary judgment to file "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried," and requires a party opposing summary judgment to file "a separate, short and concise statement of the material facts responding to the numbered paragraphs" in the movant's statement of material facts. M.D. Pa. L.R. 56.1. Milhouse's motion for summary judgment frustrates rather than facilitates the purposes of Local Rule 56.1 and Fed. R. Civ. P. 56. *See Hickey v. Merritt-Scully*, No. 4:18-CV-01793, 2021 WL 949448, at *1 (M.D. Pa. Mar. 12, 2021). "When a moving party fails to comply with Local Rule 56.1 'the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.'" *Abu-Jamal v. Kerestes*, No. 3:15-CV-967, 2018 WL 2166052, at *14 (M.D. Pa. May 10, 2018) (quoting *Landmesser v. Hazleton Area Sch. Dist.*, 982 F. Supp. 2d 408, 412 (M.D. Pa. 2013)). Accordingly, Milhouse's motion for summary judgment is **STRUCK** for its failure to comply with Local Rule 56.1. (Doc. 406).

[4] The undersigned will address this motion in a separate report and recommendation.

II.   **DISCUSSION**

    A.   MOTION TO COMPEL DISCOVERY

In the motions to compel discovery, Milhouse requests camera surveillance footage from USP-Lewisburg and the production of documents from Defendants. (Doc. 388, at 1-3; Doc. 395, at 1-2; Doc. 396, at 1-3; Doc. 397, at 1-2). Milhouse asserts that Defendants failed to produce the requested discovery and that the materials are necessary in support of his case. (Doc. 388, at 1-3; Doc. 395, at 1-2; Doc. 396, at 1-3; Doc. 397, at 1-2). In opposition, Defendants argue that the Court should deny Milhouse's motions to compel because "Defendants have provided complete and full answers to Milhouse's discovery and their objections are well founded, and discovery ended May 1, 2022." (Doc. 405, at 3). Defendants contend Milhouse served Defendants with four sets of Requests for Documents from November 30, 2021, to January 12, 2022, as well as twelve sets of Interrogatories directed to individual Defendants, which have all been responded to and mailed to Milhouse on April 26, 2022. (Doc. 405, at 3-4; Doc. 405-2; Doc. 405-3; Doc. 405-4; Doc. 405-5; Doc. 405-6). In addition, Defendants submit Milhouse's requests should be denied because they do not establish any substantive basis as to how the requested materials will support his claims. (Doc. 405, at 5).

The general scope of discovery is outlined by Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

> Fed. R. Civ. P. 26(b)(1).

Rule 26 establishes a liberal discovery policy. *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226-27 (M.D. Pa. 2014); *Great West Life Assurance Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994). Issues relating to the scope of discovery permitted under Rule 26 rest in the sound discretion of the court. *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. *Marroquin–Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). "Although the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." *Banks v. Beard*, No. 3:10-CV-1480, 2013 WL 3773837, *2 (M.D. Pa. July 17, 2013) (citing *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 265 (E.D. Pa. 1992)). "Discovery requests may be curtailed to protect a person from whom discovery is sought from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 238 (E.D. Pa. 2014) (quoting Fed. R. Civ. P. 26(c)(1)).

Milhouse contends Defendants have not responded to any of his discovery requests. (Doc. 388, at 1-3; Doc. 395, at 1-2; Doc. 396, at 1-3; Doc. 397, at 1-2). Defendants contend they "provided documents which are responsive within the time parameters established by the Court and have properly objected regarding materials not produced, and all responses were failed to Milhouse on April 26, 2022." (Doc. 405, at 5). Defendants' responses to Milhouse's discovery requests indicate the following: (1) the requested video surveillance taken between December 31, 2014, through November 17, 2015, has been made available to Milhouse's case manager at USP Coleman-1 and may be reviewed upon Milhouse's request;

and (2) the incident report from December 16, 2014, and associated Disciplinary Hearing Officer ("DHO") packet have been produced. (Doc. 405-2, at 3; Doc. 405-4, at 4-5).

Defendants make objections to Milhouse's remaining discovery requests for being outside the scope of the case, overly broad, and overly vague, explaining:

> As per the Third Circuit's remand, this case is limited to Administrative Record 805972 (submitted December 31, 2014, alleging [Milhouse] was celled with "separation"), Administrative Remedy Number 809783 (February 6, 2015 submission alleging [Milhouse] was celled with violent inmate), Administrative Remedy Number 824345 (June 10, 2015 alleging [Milhouse] was threatened to change cells or be assaulted), and Administrative Remedy Number 835645 (submitted September 15, 2015 requesting a single cell due to safety concerns).

> (Doc. 405-2, at 3-4).

Defendants assert a majority of Milhouse's requests for documents and information are irrelevant to the pending litigation because the Relevant Period for purposes of the complaint is limited to December 31, 2014, through November 17, 2015, while Milhouse was at USP-Lewisburg Special Management Unit. (Doc. 405-2, at 3-5; Doc. 405-3, at 4; Doc. 405-4, at 5-7; Doc. 405-5, at 4).

Milhouse has submitted voluminous discovery requests to Defendants and the Court finds that nothing in the record or Milhouse's pleading suggest that Defendants have acted in bad faith or failed to provide Milhouse with necessary materials. Notably, the Court previously reviewed an affidavit by Patrick Hart, the case manager at USP Coleman-1, dated March 30, 2021, in which Patrick Hart states the surveillance videos were produced and "stored in a secure unit area," he informed Milhouse that he is permitted to review the videos upon request, and that, as of the date of the declaration, Milhouse has not requested to review them. (Doc. 326-1, at 1). The Court finds that the record is devoid of any objective evidence of biasedness or partiality by Defendants against Milhouse. In addition, the Court agrees with

Defendants' objections regarding Milhouse's discovery requests that fall outside the scope of this lawsuit because Defendants are not required to produce materials outside of the Relevant Period which do not pertain to the claims in the instant lawsuit. To the extent that Milhouse is dissatisfied with Defendants' responses to discovery requests, dissatisfaction is not a proper basis for a motion to compel. *See Easley v. Tritt,* No. 1:17-CV-930, 2020 WL 836695, at *20 (M.D. Pa. Feb. 20, 2020), *reconsideration denied,* 2020 WL 1911536 (M.D. Pa. Apr. 20, 2020). As Defendants' timely requests for documents responses and interrogatory responses are before the Court, and Milhouse does not dispute his receipt of Defendants' responses, the motions to compel discovery will be denied. *Forrest v. Wetzel*, No. 3:17-CV-1777, 2021 WL 1614810, at *3 (M.D. Pa. Apr. 23, 2021), *appeal dismissed,* No. 21-1903, 2021 WL 5467059 (3d Cir. Aug. 10, 2021) (denying motion to compel where defendant filed interrogatory responses and plaintiff failed to dispute receipt of defendant's responses).

Accordingly, Milhouse's motions to compel discovery are **DENIED**. (Doc. 388; Doc. 395; Doc. 396; Doc. 397).

B. Motion to Seal

In the motion to seal, Milhouse seeks to "seal all his information on the ELL in the Middle District of Pennsylvania, Eastern District of Pennsylvania, Northern District of Western Virginia, [and] Middle District of Florida. (Doc. 394, at 1-2). Milhouse claims sealing this case is necessary because he "lives in fear the [Bureau of Prisons ("BOP")] has a hit out on him and refuses to transfer him to state custody or a drop out institution." (Doc. 394, at 2). The Court has previously denied Milhouse's prior motions to seal.

It is well-established that there is a "common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). A "judicial

record" is a document "filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *In re Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). This presumption, however, is not absolute and may be rebutted. *United States v. Janssen Therapeutics*, No. 19-1376, 2019 WL 7212265, at *3 (3d Cir. Nov. 13, 2019) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1998)).

Notwithstanding the strong presumption in favor of the accessibility of judicial records, district courts may seal documents "when justice so requires." *Leap Sys., Inc. v. Moneytrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011). "The party seeking to overcome the presumption of access bears the burden of showing 'that the interest in secrecy outweighs the presumption' " and disclosure will cause the proponent "a clearly defined and serious injury." *Avandia*, 924 F.3d at 671. A party seeking to preclude the disclosure of a judicial document "must demonstrate that 'good cause' exists for the order." *Avandia*, 924 F.3d at 671 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). "Good cause" can be established by "showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citation omitted). In defining the injury, the party must be specific; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Avandia*, 924 F.3d at 673.

The Public Access to Court Electronic Records ("PACER") is an electronic access service that allows the public access to obtain case and docket information for U.S. district, bankruptcy, and appellate courts. *See https://www.pacer.gov/* (last visited Sept. 15, 2022). Docket pleadings and other filings are generally available to the public immediately once filed

with the Court. While the Court does not publish its opinions to third parties, unsealed information available to the public on PACER is frequently published by online legal research providers.

The Court finds that Milhouse has not met the requisite showing in order to justify sealing the relevant records in this case. *See Avandia*, 924 F.3d at 672 ("The party seeking to overcome the presumption of access [to court records] bears the burden of showing 'that the interest in secrecy outweighs the presumption.'" (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986))). Milhouse's complaint in this matter was made available to the public via PACER soon after he filed the complaint with the Court. (Doc. 1). Documents in this action simply recite the allegations set forth in Milhouse's complaint and further pleadings. (Doc. 1). Milhouse has not alleged that the public availability of his filings has resulted in any threats or that its continued availability may result in any particular threat in the future, apart from his own suspicions that "the BOP has a hit out on him." (Doc. 394, at 2). In sum, the Court finds Milhouse presents no compelling reason to seal this lawsuit. Accordingly, Milhouse's motion to seal is **DENIED**. (Doc. 394).

### C.   MOTION UNDER RULE 60(B)(6)

In the motion under Rule 60(b)(1), Milhouse requests that the Court issue an Order directing USP Coleman-1 to stop deducting filing fees pursuant to the Prisoner Litigation Reform Act ("PLRA"). (Doc. 398; Doc. 399, at 2). Milhouse states: "Plaintiff is telling this Court that he is refusing to pay *any* unpaid PLRA fees. Plaintiff never received a fair proceeding and shouldn't have to pay." (Doc. 399, at 2).

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. *See* Fed. R. Civ. P. 60(b); *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005). The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). The decision to grant or deny relief pursuant to Rule 60(b) lies in the "sound discretion of the trial court", and is guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Associates, Inc. v. Nemours Foundation*, 865 F.2d 530, 548 (3d Cir. 1988).

The first five subdivisions of Rule 60(b) delineate specific circumstances which may justify relief from final judgment. The final subdivision, 60(b)(6), serves as the "catchall provision" of Rule 60(b). *See Coltec Industries, Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). Rule 60(b)(6) permits a party to seek reconsideration for "any other reason [other than the specific circumstances set out in Rules 60(b)(1)-(5) ] that justifies relief" from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). Further, Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapport v. United States*, 335 U.S. 601, 614-15 (1949). Rule 60(b)(6) is only to be invoked in the most "extraordinary circumstances, where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993). The Supreme Court has stated that extraordinary circumstances justifying 60(b)(6) relief "will rarely occur in the habeas context." *Gonzales*, 545 U.S. at 535.

The PLRA recognizes that a prisoner may not have the financial assets or means to file a civil action or appeal a civil or criminal judgment. Therefore, the PLRA provides:

11

any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

"In forma pauperis status merely 'defers, but does not permanently excuse, the payment of filing fees.'" *Merritt v. Supplee*, No. 20-CV-1054, 2020 WL 3469033, at *1 n.2 (E.D. Pa. June 25, 2020) (quoting *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997)); *see also Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998) ("All § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible.") (internal quotation marks and citations omitted) (emphasis in original); *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able."). Therefore, when a prisoner has the means to pay PLRA fees as required by § 1915(b), failure to pay may result in the dismissal of a prisoner's action. *See In re Smith*, 114 F.3d at 1251.

In this case, Milhouse was granted leave to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1915(b) on July 12, 2019. (Doc. 236; Doc. 251). The Court ordered that Milhouse "is required to pay the full $505.00 fee in installations regardless of the outcome of the appeal." (Doc. 236, at 1; Doc. 251, at 1). In pertinent part, the Order provided:

The Court hereby directs the warden or his or her designee to assess an initial filing fee, when funds are available, of 20% of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the notice of appeal. The warden, or his or her designee, shall calculate, collect, and forward the initial payment assessed in this order to the United States District Court for the Middle District of Pennsylvania. In each succeeding month when the amount in the prisoner's account exceeds $10.00,

12

the warden, or his or her designee, shall forward payments to the United States District Court for the Middle District of Pennsylvania equaling 20% of the preceding month's income credited to the prisoner's account until the fees are paid.

(Doc. 236, at 1; Doc. 251, at 1); *see* 28 U.S.C. § 1915(b)(2).

On February 23, 2022, Milhouse filed a similar motion requesting deferment of PLRA fees until the COVID-19 lockdown was over. (Doc. 368). On April 13, 2022, the Court denied Milhouse's request, explaining that Milhouse, proceeding *in forma pauperis*, is not excused from paying the full appeal filing fee and that failure to do so may result in the dismissal of Milhouse's action. (Doc. 380, at 9; Doc. 381, at 1). In the instant motion, Milhouse does not present any basis for the Court to reconsider its Order requiring the payment of PLRA filing fees. (Doc. 398; Doc. 399). Therefore, based on the foregoing, Milhouse has failed to show extraordinary reasons justifying relief. *See Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (the movant under Rule 60(b) bears a heavy burden of proof that extraordinary circumstances are present).

Accordingly, Milhouse's motion under Rule 60(b)(6) is **DENIED**. (Doc. 398).

### D.   MOTION TO DISQUALIFY

Milhouse seeks to disqualify counsel for Defendants, Timothy S. Judge ("Mr. Judge"). (Doc. 402). In support of this motion to disqualify, Milhouse argues Mr. Judge "nor any government lawyer should[ not] be representing Defendants Heath nor Ebbert," because Defendants Heath and Ebbert are retired and are no longer government employees. (Doc. 402, at 2). In opposition, Defendants contend at the time Milhouse filed suit, Heath and Ebbert were employees of the BOP and were employed during the Relevant Period. (Doc. 405, at 7). Defendants state the United States Department of Justice ("DOJ") has authorized individual representation of Heath and Ebbert and has determined that providing

representation to all Defendants is in the best interest of the United States. (Doc. 405, at 7).

Defendants explain the DOJ made this decision after the BOP forwarded Heath's and

Ebbert's representation requests, as well as a statement on whether they were acting within

the scope of employment, a recommendation for or against providing representation and all

available factual information, to the DOJ pursuant to 28 C.F.R. § 50.15(a)(1). (Doc. 405, at

7).

      Federal courts maintain an "inherent power to supervise attorney conduct" when an

attorney appears before the court. *Saldana v. Kmart Corp.*, 260 F.3d 228, 235 (3d Cir. 2001).

This inherent authority includes the "power to disqualify an attorney" where necessary,

although "a district court must ensure that there is an adequate factual predicate for flexing

its substantial muscle under its inherent powers." *United States v. Miller*, 624 F.2d 1198, 1201

(3d Cir. 1980); *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994).

The Third Circuit has cautioned that a court:

> [S]hould disqualify an attorney only when it determines, on the facts of the
> particular case, that disqualification is an appropriate means of enforcing the
> applicable disciplinary rule. It should consider the ends that the disciplinary
> rule is designed to serve and any countervailing policies, such as permitting a
> litigant to retain the counsel for her choice and enabling attorneys to practice
> without excessive restrictions.
>
> *Miller*, 624 F.2d at 1201.

Because such motions "are generally disfavored," "[t]he party seeking disqualification must

clearly show that continued representation would be impermissible . . . [and, a]s such, vague

and unsupported allegations are not sufficient to meet this standard." *Thomas v. Duvall*, No.

3:16-CV-00451, 2020 WL 6747436, at *2 (M.D. Pa. Nov. 17, 2020) (quoting *Conley v.*

*Chaffinch*, 431 F. Supp. 2d 494, 496 (D. Del. 2006)).

28 C.F.R. § 50.15 provides:

> (a) Under the procedures set forth below, a federal employee (hereby defined to include present and former Federal officials and employees) may be provided representation in civil, criminal and Congressional proceedings in which he is sued, subpoenaed, or charged in his individual capacity, covered by § 50.1 of this chapter, when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States.

28 C.F.R. § 50.15(a).

Such representation is unavailable when the employee's alleged conduct does not reasonably appear to have occurred within the scope of his or her federal employment or when the DOJ otherwise determines that providing such representation does not serve the United States' interests. 28 C.F.R. § 50.15(b)(1),(2). Determinations regarding whether an individual is acting within the scope of his or her federal employment, and whether to provide representation to the employee is left to the discretion of the DOJ. 28 U.S.C. § 50.15(b); *see also Mullane v. Moreno*, No. CV 18-12618-PBS, 2019 WL 2567284 (D. Mass. June 21, 2019). There is no distinction made between current or former employees, the only distinction is whether the alleged violations occurred "in the scope of the employee's employment." *See* 28 U.S.C. § 50.15(a).

Here, the DOJ has authorized individual representation and has determined that providing representation to all Defendants, including Heath and Ebbert, in this action is in the best interest of the United States. (Doc. 10). 28 U.S.C. § 50.15(a) expressly defines "federal employee" as both "present and former Federal officials and employees." Therefore, the DOJ's representation of Heath and Ebbert is not improper and the Court declines to disrupt the DOJ's decision to authorize individual representation of all Defendants in this action.

Accordingly, Milhouse's motion to disqualify is **DENIED**. (Doc. 402).

III.   **CONCLUSION**

For the foregoing reasons, Milhouse's motions to compel discovery (Doc. 388; Doc. 395; Doc. 396; Doc. 397); motion to seal (Doc. 394); motion under Rule 60(b)(6) (Doc. 398); and motion to disqualify (Doc. 402) are **DENIED**. In addition, Milhouse's motion for summary judgment is **DENIED** for its failure to comply with Local Rule 56.1. (Doc. 406).

An appropriate Order follows.

**BY THE COURT:**

Dated: September 27, 2022                    s/ *Karoline Mehalchick*
                                             **KAROLINE MEHALCHICK**
                                             **Chief United States Magistrate Judge**